**U.S. BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

In Re:

Mark Steven Heller,                                              Case No.: 19-13250-SMG

    Debtor.                                                          Chapter 13

_____/

## AGREED *EX-PARTE* MOTION TO ALLOW SALE OF NON-HOMESTEAD PROPERTY

The Debtor, Mark Steven Heller, by and through his undersigned counsel, pursuant to Local Rule 9013-1(C)(1) hereby files this Agreed *Ex-Parte* Motion to Allow Sale of Non-Homestead Property, and in support thereof sates as follows:

1.      The Debtor's Chapter 13 plan was confirmed on March 2, 2020.

2.      Debtor currently has a proposed contract for sale of his Non-Homestead property located at 5034 Bluewater Highway, Freeport, Texas 77541 ("Texas Property") for a purchase price of $375,000.00, a copy of which is attached hereto as Composite Exhibit "A."

3.      On May 13, 2021, the Debtor filed his *Motion to Allow Sale of Non-Homestead Property* (ECF No. 137) for the sale of the same Texas Property for a purchase price of $285,000.00 ("2021 Sale").

4.      The secured lender, Ajax Mortgage Loan Trust 2019-E, Mortgage Backed Securities, Series 2019-E, by U.S. Bank National Association, as Indenture Trustee ("Lender") filed a limited response that did not contain an objection, simply a request that the Lender receive a copy of the HUD-1 to confirm that the Lender will be paid in full (ECF No. 142).

5.      The original secured lender was Bank of America as listed every proposed and confirmed plan of the Debtor.  Bank of America transferred its claim (Claim No. 14) to the Lender (ECF No. 92).

6.      Claim No. 14 has been treated to be paid direct and outside the Chapter 13 Plan in every proposed and confirmed plan.

7.      For the 2021 Sale all creditors were properly noticed of the 2021 Sale and the hearing to approve same that took place on June 17, 2021 (ECF Nos. 138 and 140).

8.      No objections were made to the 2021 Sale, and no creditors appeared at the hearing.

9.      On June 25, 2021, this Court entered the Order Granting the Motion to Sell (ECF No. 148) ("2021 Sale Order"), which was properly served on all creditors (ECF No. 151).

10.     On June 17, 2021 at the same hearing, in anticipation of the 2021 Sale, with no creditors appearing or objecting, the Chapter 13 Plan was modified and approved removing the only two secured creditors connected to the Texas Property who were being paid through the Chapter 13 Plan, to wit: Brazoria County Tax Office and Seahorse Estates Property Owners Association, making the Fourth Modified Plan the current and operative Chapter 13 Plan.  *See* ECF Nos. 136, 143, and 149.

11.     All creditors were properly noticed of the Debtor's request to modify the Chapter 13 Plan removing the aforementioned secured creditors and the hearings set thereon.  *See* ECF Nos. 124, 126-128, 131, and 143 – 145).

12.     The 2021 Sale was not completed.

13.     The parties entered into the attached contract on October 4, 2023 and it was scheduled to close on October 27, 2023.

14.     On October 25, 2023, Stewart Title Company, the title company handling the closing of this sale ("Stewart"), sent an email indicating that a new order approving the sale would be required to close the transaction, but did not send an updated title commitment with the requirement.

15. On October 26, 2023, the undersigned emailed the underwriter at Stewart inquiring about the need for a new sale order and to be notified two (2) days before the closing was to take place.

16. On October 27, 2023, the underwriter at Stewart affirmed a new sale order would be required as to the attached contract.

17. On October 27, 2023, within minutes of the email, an updated title commitment was sent full of errors, including no additional requirement that a new sale order was required to complete the transaction, which the undersigned did not review until the early afternoon.

18. On October 27, 2023, by way of an executed Amendment, the termination date of the contract was extended to November 15, 2023, a true copy of which is included as the last page of Composite Exhibit "A."

19. In the afternoon on October 31, 2023, an error free title commitment was sent, including the requirement that a new sale order be required.

20. Based on the email from the underwriter at Stewart, and prior to reviewing the updated title commitment, counsel for the Debtor sent an email to counsel for the Trustee, with counsel for the Lender in copy, seeking consent to file the instant motion as an agreed *ex-parte* motion pursuant to Local Rule 9013-1(C)(1).

21. The main reason is the timing of the notification from Stewart that a new sale order would be required.

22. The second reason is the closing officer at Stewart, charged with this transaction, has repeatedly stated that the current buyers are very nervous, and any protracted delay could cost the sale.

23. The 2021 Sale Order is valid and final as there is no language limiting the amount of time the order is valid, more than fourteen days have passed since entry of the order in compliance with Fed. R. Bankr. P. 6004(h), and no party in interest or creditor has sought to vacate 2021 Sale Order.

24. The Trustee and the Lender are the only interested parties to the instant motion because no other interested parties or creditors objected to the 2021 Sale Motion or 2021 Sale Order.

25. It is anticipated that Debtor will realize very little in the way of proceeds, if any, after the sale due to the co-owner interest, the existing liens on the property, anticipatory taxes for capital gains from the sale, and closing costs.

26. However, the Debtor is expected to realize approximately $15,000.00 more than the 2021 Sale[1], which is in the best interest of the creditors for this sale to close as quickly as possible.

27. Counsel for the Lender has no objection to the sale proceeding forward, is satisfied with the HUD-1 that the Lender will be paid in full at closing, and consents to the filing of the instant motion.

28. Counsel for Trustee consented to the filing of the instant motion and expressed that the Trustee has no objection so long as the following language is included in the Order: "Those proceeds will be placed in the Debtor's Attorney's Trust Account and turned over to the Chapter

---

[1] The net proceeds to the Debtor will be slightly diminished due to the delay in closing because of the cost of the Amendment extending time, another month of interest due to the Property Owner's Association for the current balance due, and additional days added to the Sellers for the proration of the Association's Fees and the Brazoria County Property Taxes.

13 Trustee for the benefit of the unsecured creditors over and above what is provided for in the plan up to 100% of allowed unsecured claims."

29.     To maximize the net proceeds to the Debtor, and in turn to the unsecured creditors, Debtor respectfully requests the entry of the order be effective immediately upon entry of same without any effective date waiting period.

WHEREFORE, the Debtor respectfully requests and entry of an Order Granting Agreed *Ex-Parte* Motion to Allow Sale of Non-Homestead Property and all other relief this Court deems just and proper.

By: */s/ Angelena M. Conant*
        Angelena M. Conant
        Florida Bar No. 101751
        Angelena M. Root, P.A.
        1931 Cordova Road, #303
        Fort Lauderdale, Florida  33316
        Telephone:     (954) 986-2101
        Email: amrootesq@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2023, a true and correct copy of the Agreed *Ex-Parte* Motion to Allow Sale of Homestead Property was furnished, via CM/ECF to the parties below.

Michael E Carleton on behalf of Creditor JPMorgan Chase Bank, N.A.
amps@manleydeas.com

Christopher Cheek on behalf of Creditor United States of America, IRS
christopher.cheek@usdoj.gov, shannon.patterson@usdoj.gov;milton.pacheco@usdoj.gov

Carolyn Meadows on behalf of Creditor Sea Monarch Condominium, Inc.
cofoservicemail@beckerlawyers.com, cmeadows@beckerlawyers.com

Wanda D Murray on behalf of Creditor Bank of America Mortgage
ecfflsb@aldridgepite.com, WMurray@ecf.courtdrive.com

Nicole M Noel on behalf of Creditor Specialized Loan Servicing LLC
bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Stanford R Solomon on behalf of Creditor Ajax Mortgage Loan Trust 2019-E, Mortgage-Backed Securities, Series 2019-E, by U.S. Bank National Association, as Indenture Trustee
ssolomon@solomonlaw.com, bankruptcy@solomonlaw.com

Mukta Suri on behalf of Creditor Specialized Loan Servicing LLC
Mukta.Suri@BonialPC.com, Notices.Bonial@ecf.courtdrive.com

Melissa Valdez on behalf of Creditor Brazoria County Tax Office
mvaldez@pbfcm.com

Robin R Weiner
ecf@ch13weiner.com, ecf2@ch13weiner.com

By:  */s/ Angelena M. Conant*
        Angelena M. Conant

# COMPOSITE EXHIBIT "A"

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7jOmv
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)    11-07-2022

# UNIMPROVED PROPERTY CONTRACT
NOTICE:  Not For Use For Condominium Transactions



**1. PARTIES:** The parties to this contract are <u>Mark S Heller and Larry Coukis</u> (Seller) and <u>Smart Home Investment LLC</u> (Buyer).  Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

**2. PROPERTY:** Lot <u>5</u>, Block _____,
<u>SEAHORSE ESTATES (A0029 S F AUSTIN)</u> Addition,
City of <u>Freeport</u>, County of <u>Brazoria</u>,
Texas, known as <u>5034 Bluewater Dr, Freeport, TX 77541</u>
(address/zip code), or as described on attached exhibit together with all rights, privileges and appurtenances pertaining thereto (Property).

RESERVATIONS: Any reservation for oil, gas, or other minerals, water, timber, or other interests is made in accordance with an attached addendum.

**3. SALES PRICE:**
A. Cash portion of Sales Price payable by Buyer at closing ............................$~~300,000.00~~ $375,000
The term "Cash portion of the Sales Price" does not include proceeds from borrowing of any kind or selling other real property except as disclosed in this contract.
B. Sum of all financing described in the attached: ☐ Third Party Financing Addendum,
☐ Loan Assumption Addendum, ☐ Seller Financing Addendum .............$0.00
C. Sales Price (Sum of A and B) .......................................................$~~300,000.00~~ $375,000

**4. LEASES:**
A. Except as disclosed in this contract, Seller is not aware of any leases affecting the Property. After the Effective Date, Seller may not, without Buyer's written consent, create a new lease, amend any existing lease, or convey any interest in the Property.
B. NATURAL RESOURCE LEASES: "Natural Resource Lease" means an existing oil and gas, mineral, water, wind, or other natural resource lease affecting the Property to which Seller is a party. Seller ☐ is ☑ is not a party to a Natural Resource Lease. If Seller is a party to a Natural Resource Lease, check one of the following:
☐ (1) Seller has delivered to Buyer a copy of all the Natural Resource Leases.
☐ (2) Seller has not delivered to Buyer a copy of all the Natural Resource Leases.  Seller shall provide to Buyer a copy of all the Natural Resource Leases within 3 days after the Effective Date.  Buyer may terminate the contract within _____ days after the date the Buyer receives all the Natural Resource Leases and the earnest money shall be refunded to Buyer.

**5. EARNEST MONEY AND TERMINATION OPTION:**
A. DELIVERY OF EARNEST MONEY AND OPTION FEE: Within 3 days after the Effective Date, Buyer must deliver to ~~Seller Preferred Title Company~~ Stewart Title- Jennifer Bryant (Escrow Agent) at _____
<u>190 Abner Jackson Pkwy #100 Lake Jackson, TX 77566</u> (address): $3,000.00
as earnest money and $100.00 as the Option Fee. The earnest money and Option Fee shall be made payable to Escrow Agent and may be paid separately or combined in a single payment.
(1) Buyer shall deliver additional earnest money of $0.00 to Escrow Agent within _____ days after the Effective Date of this contract.
(2) If the last day to deliver the earnest money, Option Fee, or the additional earnest money falls on a Saturday, Sunday, or legal holiday, the time to deliver the earnest money, Option Fee, or the additional earnest money, as applicable, is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.
(3) The amount(s) Escrow Agent receives under this paragraph shall be applied first to the Option Fee, then to the earnest money, and then to the additional earnest money.
(4) Buyer authorizes Escrow Agent to release and deliver the Option Fee to Seller at any time without further notice to or consent from Buyer, and releases Escrow Agent from liability for delivery of the Option Fee to Seller. The Option Fee will be credited to the Sales Price at closing.
B. TERMINATION OPTION: For nominal consideration, the receipt of which Seller acknowledges, and Buyer's agreement to pay the Option Fee within the time required, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within <u>20</u> days after the Effective Date of this contract (Option Period). Notices under this paragraph must be given by 5:00 p.m. (local time where the Property is located) by the date specified.  If Buyer gives notice of termination within the time prescribed: (i) the Option Fee will not be refunded and Escrow Agent shall release any Option Fee remaining with Escrow Agent to Seller; and (ii) any earnest money will be refunded to Buyer.

Initialed for identification by Buyer _____ and Seller _____    TREC NO. 9-16

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7¡Omv
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Contract Concerning 5034 Bluewater Dr, Freeport, TX 77541 — Page 2 of 10   11-07-2022
(Address of Property)

C. FAILURE TO TIMELY DELIVER EARNEST MONEY: If Buyer fails to deliver the earnest money within the time required, Seller may terminate this contract or exercise Seller's remedies under Paragraph 15, or both, by providing notice to Buyer before Buyer delivers the earnest money.

D. FAILURE TO TIMELY DELIVER OPTION FEE:  If no dollar amount is stated as the Option Fee or if Buyer fails to deliver the Option Fee within the time required, Buyer shall not have the unrestricted right to terminate this contract under this Paragraph 5.

E. TIME: **Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

## 6. TITLE POLICY AND SURVEY:

A. TITLE POLICY: Seller shall furnish to Buyer at ☑Seller's ☐Buyer's expense an owner's policy of title insurance (Title Policy) issued by ~~Seller Preferred Title Company~~ Stewart Title (Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions (including existing building and zoning ordinances) and the following exceptions:
   (1) Restrictive covenants common to the platted subdivision in which the Property is located.
   (2) The standard printed exception for standby fees, taxes and assessments.
   (3) Liens created as part of the financing described in Paragraph 3.
   (4) Utility easements created by the dedication deed or plat of the subdivision in which the Property is located.
   (5) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.
   (6) The standard printed exception as to marital rights.
   (7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.
   (8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements:
      ☐ (i) will not be amended or deleted from the title policy; or
      ☑ (ii) will be  amended to read, "shortages in area" at the expense of ☑ Buyer ☐ Seller.
   (9) The exception or exclusion regarding minerals approved by the Texas Department of Insurance.

B. COMMITMENT:  Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions.  Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21.  If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or 3 days before the Closing Date, whichever is earlier. If the Commitment and Exception Documents are not delivered within the time required, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

C. SURVEY:  The survey must be made by a registered professional land surveyor acceptable to the Title Company and Buyer's lender(s). (Check one box only)
   ☑ (1) Within ~~7~~ 5 days after the Effective Date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit promulgated by the Texas Department of Insurance (T-47 Affidavit). **If Seller fails to furnish the existing survey or affidavit within the time prescribed, Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date.** If the existing survey or affidavit is not acceptable to Title Company or Buyer's lender(s), Buyer shall obtain a new survey at ☐ Seller's ☑ Buyer's expense no later than 3 days prior to Closing Date.
   ☐ (2) Within _____ days after the Effective Date of this contract, Buyer shall obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier.
   ☐ (3) Within _____ days after the Effective Date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer.

D. OBJECTIONS: Buyer may object in writing to (i) defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; or disclosed in the Commitment other than items 6A(1) through (9) above; (ii) any portion of the Property lying in a special flood hazard area (Zone V or A) as shown on the current Federal Emergency Management Agency map; or (iii) any exceptions which prohibit the  following use  or   activity: Residential_____.
Buyer must object the earlier of (i) the Closing Date or (ii) 5 _____ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived. Provided Seller is not obligated to incur any expense, Seller shall cure any timely objections of Buyer or any third party lender within 15 days after Seller receives the objections (Cure Period) and the Closing Date will be extended as necessary. If objections are not cured within the Cure Period, Buyer may, by delivering notice to Seller within 5 days after the end of the Cure Period: (i) terminate this contract and the earnest money will be refunded to Buyer; or (ii) waive the objections.  If Buyer does not terminate

Initialed for identification by Buyer _____ and Seller _____    TREC NO. 9-16

Contract Concerning _5034 Bluewater Dr, Freeport, TX 77541_____     Page 3 of 10   11-07-2022
(Address of Property)

within the time required, Buyer shall be deemed to have waived the objections.  If the Commitment or survey is revised or any new Exception Document(s) is delivered, Buyer may object to any new matter revealed in the revised Commitment or survey or new Exception Document(s) within the same time stated in this paragraph to make objections beginning when the revised Commitment, survey, or Exception Document(s) is delivered to Buyer.

E. TITLE NOTICES:

(1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy.  If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.

(2) MEMBERSHIP IN PROPERTY OWNERS ASSOCIATION(S): The Property ☑is ☐is not subject to mandatory membership in a property owners association(s). If the Property is subject to mandatory membership in a property owners  association(s), Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2 in which the Property is located, you are obligated to be a member of the property owners association(s). Restrictive covenants governing the use and occupancy of the Property and all dedicatory instruments governing the establishment, maintenance, and operation of this residential community have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instruments may be obtained from the county clerk. **You are obligated to pay assessments to the property owners association(s). The amount of the assessments is subject to change. Your failure to pay the assessments could result in enforcement of the association's lien on and the foreclosure of the Property.**
Section 207.003, Property Code, entitles an owner to receive copies of any document that governs the establishment, maintenance, or operation of a subdivision, including, but not limited to, restrictions, bylaws, rules and regulations, and a resale certificate from a property owners' association.  A resale certificate contains information including, but not limited to, statements specifying the amount and frequency of regular assessments and the style and cause number of lawsuits to which the property owners' association is a party, other than lawsuits relating to unpaid ad valorem taxes of an individual member of the association. These documents must be made available to you by the property owners' association or the association's agent on your request. **If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners Association should be used.**

(3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49,  Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(4) TIDE WATERS:  If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract.  An addendum containing the notice promulgated by TREC or required by the parties must be used.

(5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code:  The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS:  If the Property is in a public improvement district, Seller must give Buyer written notice as required by §5.014, Property Code. An addendum containing the required notice shall be attached to this contract.

Initialed for identification by Buyer _SHO_____ and Seller _MH_____ _HO_____     TREC NO. 9-16

Contract Concerning 5034 Bluewater Dr, Freeport, TX 77541                Page 4 of 10   11-07-2022
(Address of Property)

(8) TEXAS AGRICULTURAL DEVELOPMENT DISTRICT: The Property ☐ is ☑ is not located in a Texas Agricultural Development District. For additional information, contact the Texas Department of Agriculture.

(9) TRANSFER FEES: If the Property is subject to a private transfer fee obligation, §5.205, Property Code requires Seller to notify Buyer as follows:  The private transfer fee obligation may be governed by Chapter 5, Subchapter G of the Texas Property Code.

(10) PROPANE GAS SYSTEM SERVICE AREA:  If the Property is located in a propane gas system service area owned by a distribution system retailer, Seller must give Buyer written notice as required by §141.010, Texas Utilities Code.  An addendum containing the notice approved by TREC or required by the parties should be used.

(11) NOTICE OF WATER LEVEL FLUCTUATIONS: If the Property adjoins an impoundment of water, including a reservoir or lake, constructed and maintained under Chapter 11, Water Code, that has a storage capacity of at least 5,000 acre-feet at the impoundment's normal operating level, Seller hereby notifies Buyer: "The water level of the impoundment of water adjoining the Property fluctuates for various reasons, including as a result of: (1) an entity lawfully exercising its right to use the water stored in the impoundment; or (2) drought or flood conditions."

(12) REQUIRED NOTICES: The following notices have been given or are attached to this contract (for example, MUD, WCID, PID notices): ~~NA~~ Velasco Drainage District

.

**7. PROPERTY CONDITION:**

A. ACCESS, INSPECTIONS AND UTILITIES:  Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Seller at Seller's expense shall immediately cause existing utilities to be turned on and shall keep the utilities on during the time this contract is in effect.
**NOTICE**: Buyer should determine the availability of utilities to the Property suitable to satisfy Buyer's needs.

B. ACCEPTANCE OF PROPERTY CONDITION: "As Is" means the present condition of the Property with any and all defects and without warranty except for the warranties of title and the warranties in this contract. Buyer's agreement to accept the Property As Is under Paragraph 7B (1) or (2) does not preclude Buyer from inspecting the Property under Paragraph 7A, from negotiating repairs or treatments in a subsequent amendment, or from terminating this contract during the Option Period, if any.
(Check one box only)
☑ (1) Buyer accepts the Property As Is.
☐ (2) Buyer accepts the Property As Is provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: _____
_____ .
(Do not insert general phrases, such as "subject to inspections" that do not identify specific repairs and treatments.)

C. COMPLETION OF REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, Seller shall complete all agreed repairs and treatments prior to the Closing Date and obtain any required permits. The repairs and treatments must be performed by persons who are licensed to provide such repairs or treatments or, if no license is required by law, are commercially engaged in the trade of providing such repairs or treatments.   Seller shall: (i) provide Buyer with copies of documentation from the repair person(s) showing the scope of work and payment for the work completed; and (ii) at Seller's expense, arrange for the transfer of any transferable warranties with respect to the repairs and treatments to Buyer at closing. If Seller fails to complete any agreed repairs and treatments prior to the Closing Date, Buyer may exercise remedies under Paragraph 15 or extend the Closing Date up to 5  days, if necessary, for Seller to complete repairs and treatments.

D. ENVIRONMENTAL MATTERS: Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.

E. SELLER'S DISCLOSURE:
(1) Seller ☐ is  ☑ is not aware of any flooding of the Property which has had a material adverse effect on the use of the Property.
(2) Seller ☐ is  ☑ is not aware of any pending or threatened litigation, condemnation, or special assessment affecting the Property.
(3) Seller ☐ is  ☑ is not aware of any environmental hazards that  materially and adversely affect  the Property.
(4) Seller ☐ is  ☑ is not aware of any dumpsite, landfill, or underground tanks or containers now or previously located on the Property.
(5) Seller ~~☐~~ is  ☒ is not aware of any wetlands, as defined by federal or state law or regulation, affecting the Property.
(6) Seller ~~☐~~ is  ☒ is not aware of any threatened or endangered species or their habitat affecting the Property.
(7) Seller ☑ is  ☐ is not aware that the Property is located ☑ wholly ☐ partly in a floodplain.
(8) Seller ☐ is  ☑ is not aware that a tree or trees located on the Property has oak wilt.
If Seller is aware of any of the items above, explain (attach additional sheets if necessary): _____
Property is located on a coastal barrier island.                          .

Initialed for identification by Buyer [SHI]  [        ] and Seller [MH] [HO]              TREC NO. 9-16

Contract Concerning 5034 Bluewater Dr, Freeport, TX 77541     Page 5 of 10   11-07-2022
(Address of Property)

**8. BROKERS AND SALES AGENTS:**
A. BROKER OR SALES AGENT DISCLOSURE: Texas law requires a real estate broker or sales agent who is a party to a transaction or acting on behalf of a spouse, parent, child, business entity in which the broker or sales agent owns more than 10%, or a trust for which the broker or sales agent acts as a trustee or of which the broker or sales agent or the broker or sales agent's spouse, parent or child is a beneficiary, to notify the other party in writing before entering into a contract of sale. Disclose if applicable:_____
Buying Agent is also Principal in the Transaction _____.
B. BROKERS' FEES: All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

**9. CLOSING:**
A. The closing of the sale will be on or before 10/27/2023 _____, or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.
B. At closing:
(1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.
(2) Buyer shall pay the Sales Price in good funds acceptable to the Escrow Agent.
(3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents, transfer of any warranties, and other documents reasonably required for the closing of the sale and the issuance of the Title Policy.
(4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.
(5) Private transfer fees (as defined by Chapter 5, Subchapter G of the Texas Property Code) will be the obligation of Seller unless provided otherwise in this contract. Transfer fees assessed by a property owners' association are governed by the Addendum for Property Subject to Mandatory Membership in a Property Owners Association.

**10. POSSESSION:** Seller shall deliver to Buyer possession of the Property in its present or required condition upon closing and funding.

**11. SPECIAL PROVISIONS:** (This paragraph is intended to be used only for additional informational items. An informational item is a statement that completes a blank in a contract form, discloses factual information, or provides instructions. Real estate brokers and sales agents are prohibited from practicing law and shall not add to, delete, or modify any provision of this contract unless drafted by a party to this contract or a party's attorney. NA _____
_____.

**12. SETTLEMENT AND OTHER EXPENSES:**
A. The following expenses must be paid at or prior to closing:
(1) Expenses payable by Seller (Seller's Expenses):
(a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.
(b) Seller shall also pay an amount not to exceed $ 0.00 _____ to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.
(2) Expenses payable by Buyer (Buyer's Expenses): Appraisal fees; loan application fees; origination charges; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; loan title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; Private Mortgage Insurance Premium (PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender; and other expenses payable by Buyer under this contract.
B. If any expense exceeds an amount expressly stated in this contract for such expense to be paid by a party, that party may terminate this contract unless the other party agrees to pay such excess. Buyer may not pay charges and fees expressly prohibited by FHA, VA, Texas Veterans Land Board or other governmental loan program regulations.

**13. PRORATIONS AND ROLLBACK TAXES:**
A. PRORATIONS: Taxes for the current year, interest, rents, and regular periodic maintenance fees, assessments, and dues (including prepaid items) will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year.

Initialed for identification by Buyer SHB and Seller MH JHO     TREC NO. 9-16

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7jOmv
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Contract Concerning __5034 Bluewater Dr, Freeport, TX 77541__ Page 6 of 10   11-07-2022
(Address of Property)

B. ROLLBACK TAXES: If this sale or Buyer's use of the Property after closing results in the assessment of additional taxes, penalties or interest (Assessments) for periods prior to closing, the Assessments will be the obligation of Buyer. If Assessments are imposed because of Seller's use or change in use of the Property prior to closing, the Assessments will be the obligation of Seller. Obligations imposed by this paragraph will survive closing.

14. **CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty after the Effective Date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date.  If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money will be refunded to Buyer (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds, if permitted by Seller's insurance carrier, and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

15. **DEFAULT:** If Buyer fails to comply with this contract, Buyer  will  be  in default, and Seller may (a) enforce  specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If Seller fails to comply with this contract, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

16. **MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion will be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally.  This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

17. **ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or Escrow Agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

18. **ESCROW**:
A. ESCROW: The Escrow Agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract, (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as Escrow Agent. Escrow Agent may require any disbursement made in connection with this contract to be conditioned on Escrow Agent's collection of good funds acceptable to Escrow Agent.
B. EXPENSES: At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, Escrow Agent may: (i) require a written release of liability of the Escrow Agent from all parties before releasing any earnest money; and (ii) require payment of unpaid expenses incurred on behalf of a party. Escrow Agent may deduct authorized expenses from the earnest money payable to a party. "Authorized expenses" means  expenses incurred by Escrow Agent on behalf of the party entitled to the earnest money that were authorized by this contract or that party.
C. DEMAND:  Upon termination of this contract, either party or the Escrow Agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the Escrow Agent. If either party fails to execute the release, either party may make a written demand to the Escrow Agent for the earnest money. If only one party makes written demand for the earnest money, Escrow Agent shall promptly provide a copy of the demand to the other party. If Escrow Agent does not receive written objection to the demand from the other party within 15 days, Escrow Agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and Escrow Agent may pay the same to the creditors. If Escrow Agent complies with the provisions of this paragraph, each party hereby releases Escrow Agent from all adverse claims related to the disbursal of the earnest money.
D. DAMAGES: Any party who wrongfully fails or refuses to sign a release acceptable to the Escrow Agent within 7 days of receipt of the request will be liable to the other party for
(i) damages; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.
E. NOTICES:  Escrow Agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by Escrow Agent.

19. **REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing.  If any representation of Seller in this contract is untrue on the Closing Date,   Seller will be in default.  Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

20. **FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by Internal Revenue Code and its regulations, or if Seller fails to deliver an affidavit or a certificate of non-foreign status to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

Initialed for identification by Buyer _____SMG_____ and Seller __MH__  __HO__ TREC NO. 9-16
10/03/23
12:26 PM PDT
dotloop verified

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7¡Omv
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Contract Concerning  5034 Bluewater Dr, Freeport, TX 77541                                    Page 7 of 10   11-07-2022
                                        (Address of Property)

**21. NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by fax or electronic transmission as follows:

**To Buyer at:** 3130 Grants Lake Blvd, 16533        **To Seller at:** _____

Sugar Land, TX 77479                                  _____

   Phone:    832-691-7877                    Phone: _____

   E-mail/Fax: smarthomeinvestment@gmail.com     E-mail/Fax: _____

   E-mail/Fax: _____           E-mail/Fax: _____
   With a copy to Buyer's agent at:               With a copy to Seller's agent at:

_____                               _____

**22. AGREEMENT OF PARTIES:**  This contract contains the entire agreement of the parties and cannot be changed except by their written agreement.  Addenda which are a part of this contract are  (check all applicable boxes):

☐ Third Party Financing Addendum                      ☑ Addendum for Coastal Area Property

☐ Seller Financing Addendum                           ☑ Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum

☑ Addendum for Property Subject to Mandatory Membership in a Property Owners Association

☐ Buyer's Temporary Residential Lease                 ☑ Addendum for Property Located Seaward of the Gulf Intracoastal Waterway

☐ Seller's Temporary Residential Lease                ☐ Addendum for Sale of Other Property by Buyer

☐ Addendum for Reservation of Oil, Gas and Other Minerals

☐ Addendum for "Back-Up" Contract                     ☐ Addendum for Property in a Propane Gas System Service Area

☐ Addendum Concerning Right to Terminate Due to Lender's Appraisal    ☐ Other (list): _____

☐ Addendum containing Notice of Obligation to Pay Improvement District Assessment

**23. CONSULT AN ATTORNEY BEFORE SIGNING:** TREC rules prohibit real estate brokers and sales agents from giving legal advice. READ THIS CONTRACT CAREFULLY.

Buyer's                                               Seller's
Attorney is: _____                 Attorney is: _____

_____                              _____

   Phone: _____                Phone: _____

   Fax: _____                  Fax: _____

   E-mail: _____               E-mail: _____

Initialed for identification by Buyer ⎿SHI⎾ ⎿⎾ and Seller ⎿MH⎾ ⎿HQ⎾                       TREC NO. 9-16

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7₁Omv

DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Contract Concerning _5034 Bluewater Dr, Freeport, TX 77541_____ Page 8 of 10   11-07-2022
                                    (Address of Property)

**EXECUTED the** _4th___ **day of** _____October_____ **, 20**_23___ **(Effective Date).**
**(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)**

_Smart Home Investment LLC_

dotloop verified
10/03/23 12:26 PM PDT
GCUS-VHII-P20Z-VGTH

Buyer

DocuSigned by:

_Mark Heller_

Seller
02CDD02D6C31454...

Buyer

DocuSigned by:

_Larry Conlin_

Seller
0FCBB3DBFA8844C...



The form of this contract has been approved by the Texas Real Estate Commission.   TREC forms are intended for use only by trained real estate license holders. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (http://www.trec.texas.gov) TREC NO. 9-16. This form replaces TREC NO. 9-15.

TREC NO. 9-16

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7ₗOmv
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Contract Concerning 5034 Bluewater Dr, Freeport, TX 77541                          Page 9 of 10   11-07-2022
(Address of Property)

## BROKER INFORMATION
(Print name(s) only. Do not sign)

| | | | | |
|---|---|---|---|---|
| EXP Realty LLC | 0622946 | | Bluewater Realty | 9005403 |
| Other Broker Firm | License No. | | Listing Broker Firm | License No. |

represents  ☑ Buyer only as Buyer's agent                    represents  ☐ Seller and Buyer as an intermediary
            ☐ Seller as Listing Broker's subagent                        ☑ Seller only as Seller's agent

| | | | | |
|---|---|---|---|---|
| Maria Angelica Smart | 694877 | | Audrey Rochell | 619276 |
| Associate's Name | License No. | | Listing Associate's Name | License No. |

| | |
|---|---|
| Team Name | Team Name |

| | | | |
|---|---|---|---|
| maria.smart@exprealty.com | 832-691-7877 | audrey@brri.com | 979-313-9910 |
| Associate's Email Address | Phone | Listing Associate's Email Address | Phone |

| | | | |
|---|---|---|---|
| Licensed Supervisor of Associate | License No. | Licensed Supervisor of  Listing Associate | License No. |

9600 Great Hills Trl, Ste 150w

| | | | |
|---|---|---|---|
| Other Broker's Address | Phone | Listing Broker's Office Address | Phone |

Austin, TX 78759

| | | | | | |
|---|---|---|---|---|---|
| City | State | Zip | City | State | Zip |

| | |
|---|---|
| | Selling Associate's Name | License No. |

Team Name

Selling Associate's Email Address                    Phone

Licensed Supervisor of Selling Associate           License No.

Selling Associate's Office Address

City                        State            Zip

Disclosure: Pursuant to a previous, separate agreement (such as a MLS offer of compensation or other agreement between brokers),  Listing Broker has agreed to pay Other Broker a fee  (3% of Sales Price _____). This disclosure is for informational purposes and does not change the previous agreement between brokers to pay or share a commission.

TREC NO. 9-16

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7ıOmv
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Contract Concerning __5034 Bluewater Dr, Freeport, TX 77541_____    Page 10 of 10    11-07-2022
(Address of Property)

## OPTION FEE RECEIPT

Receipt of $ 100.00_____ (Option Fee) in the form of _____
is acknowledged.

Escrow Agent                                                                                                        Date

## EARNEST MONEY RECEIPT

Receipt of $ 3,000.00_____ Earnest Money in the form of _____
is acknowledged.

| Escrow Agent | Received by | Email Address | Date/Time |

| Address | | | Phone |

| City | State | Zip | Fax |

## CONTRACT RECEIPT

Receipt of the Contract is acknowledged.

| Escrow Agent | Received by | Email Address | Date |

| Address | | | Phone |

| City | State | Zip | Fax |

## ADDITIONAL EARNEST MONEY RECEIPT

Receipt of  $ .00_____ additional Earnest Money in the form of _____
is acknowledged.

| Escrow Agent | Received by | Email Address | Date/Time |

| Address | | | Phone |

| City | State | Zip | Fax |

TREC NO. 9-16

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7lOw

DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)[

11-07-2022

# ADDENDUM FOR PROPERTY SUBJECT TO MANDATORY MEMBERSHIP IN A PROPERTY OWNERS ASSOCIATION
(NOT FOR USE WITH CONDOMINIUMS)
## ADDENDUM TO CONTRACT CONCERNING THE PROPERTY AT



**5034 Bluewater Dr, Freeport, TX 77541**

(Street Address and City)

**CKM**   /Seahorse Estates POA                          281-255-3055

(Name of Property Owners Association, (Association) and Phone Number)

**A. SUBDIVISION INFORMATION:**   "Subdivision Information" means: (i) a current copy of the restrictions applying to the subdivision and bylaws and rules of the Association, and (ii) a resale certificate, all of which are described by Section 207.003 of the Texas Property Code.

(Check only one box):

☐ 1. Within _____ days after the effective date of the contract, Seller shall obtain, pay for, and deliver the Subdivision Information to the Buyer. If Seller delivers the Subdivision Information, Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer.  If Buyer does not receive the Subdivision Information, Buyer, as Buyer's sole remedy, may terminate the contract at any time prior to closing and the earnest money will be refunded to Buyer.

☐ 2. Within _____ days after the effective date of the contract, Buyer shall obtain, pay for, and deliver a copy of the Subdivision Information to the Seller.   If Buyer obtains the Subdivision Information within the time required, Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer.   If Buyer, due to factors beyond Buyer's control, is not able to obtain the Subdivision Information within the time required, Buyer may, as Buyer's sole remedy, terminate the contract within 3 days after the time required or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer.

☐ 3. Buyer has received and approved the Subdivision Information before signing the contract. Buyer ☐ does ☐ does not require an updated resale certificate. If Buyer requires an updated resale certificate, Seller, at Buyer's expense, shall deliver it to Buyer within 10 days after receiving payment for the updated resale certificate from Buyer. Buyer may terminate this contract and the earnest money will be refunded to Buyer if Seller fails to deliver the updated resale certificate within the time required.

☑ 4. Buyer does not require delivery of the Subdivision Information.

**The title company or its agent is authorized to act on behalf of the parties to obtain the Subdivision Information ONLY upon receipt of the required fee for the Subdivision Information from the party obligated to pay.**

**B. MATERIAL CHANGES.** If Seller becomes aware of any material changes in the Subdivision Information, Seller shall promptly give notice to Buyer. Buyer may terminate the contract prior to closing by giving written notice to Seller if: (i) any of the Subdivision Information provided was not true; or (ii) any material adverse change in the Subdivision Information occurs prior to closing, and the earnest money will be refunded to Buyer.

**C. FEES AND DEPOSITS FOR RESERVES:** Buyer shall pay any and all Association fees, deposits, reserves, and other charges associated with the transfer of the Property not to exceed $150.00 _____ and Seller shall pay any excess. This paragraph does not apply to: (i) regular periodic maintenance fees, assessments, or dues (including prepaid items) that are prorated by Paragraph 13, and (ii) costs and fees provided by Paragraphs A and D.

**D. AUTHORIZATION:** Seller authorizes the Association to release and provide the Subdivision Information and any updated resale certificate if requested by the Buyer, the Title Company, or any broker to this sale.  If Buyer does not require the Subdivision Information or an updated resale certificate, and the Title Company requires information from the Association (such as the status of dues, special assessments, violations of covenants and restrictions, and a waiver of any right of first refusal), ☐ Buyer ☑ Seller shall pay the Title Company the cost of obtaining the information prior to the Title Company ordering the information.

**NOTICE TO BUYER REGARDING REPAIRS BY THE ASSOCIATION:**   The Association may have the sole responsibility to make certain repairs to the Property. If you are concerned about the condition of any part of the Property which the Association is required to repair, you should not sign the contract unless you are satisfied that the Association will make the desired repairs.

| | |
|---|---|
| *Smart Home Investment LLC*  dotloop verified 10/03/23 12:26 PM PDT W4LA-HYKU-JVAG-OCHN | DocuSigned by: *Mark Heller* |
| Buyer | Seller 32CDD02D6C31454... |
| | DocuSigned by: *Larry Conlin* |
| Buyer | Seller 0CBB3DBFA8844C... |



The form of this addendum has been approved by the Texas Real Estate Commission for use only with similarly approved or promulgated forms of contracts. Such approval relates to this contract form only.  TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions.  Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (www.trec.texas.gov)  TREC No. 36-10.  This form replaces TREC No. 36-9.

TREC NO. 36-10

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7JsS

DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)          12-05-11

# ADDENDUM FOR
# PROPERTY LOCATED SEAWARD OF THE
# GULF INTRACOASTAL WATERWAY
## (SECTION 61.025, TEXAS NATURAL RESOURCES CODE)

## TO CONTRACT CONCERNING THE PROPERTY AT

5034 Bluewater Dr, Freeport, TX 77541
_____
(Address of Property)

### DISCLOSURE NOTICE CONCERNING LEGAL AND ECONOMIC RISKS OF PURCHASING COASTAL REAL PROPERTY NEAR A BEACH

WARNING:  THE FOLLOWING NOTICE OF POTENTIAL RISKS OF ECONOMIC LOSS TO YOU AS THE PURCHASER OF COASTAL REAL PROPERTY IS REQUIRED BY STATE LAW.

- READ THIS NOTICE CAREFULLY.  DO NOT SIGN THIS CONTRACT UNTIL YOU FULLY UNDERSTAND THE RISKS YOU ARE ASSUMING.
- BY PURCHASING THIS PROPERTY, YOU MAY BE ASSUMING ECONOMIC RISKS OVER AND ABOVE THE RISKS INVOLVED IN PURCHASING INLAND REAL PROPERTY.
- IF YOU OWN A STRUCTURE LOCATED ON COASTAL REAL PROPERTY NEAR A GULF COAST BEACH, IT MAY COME TO BE LOCATED ON THE PUBLIC BEACH BECAUSE OF COASTAL EROSION AND STORM EVENTS.
- AS THE OWNER OF A STRUCTURE LOCATED ON THE PUBLIC BEACH, YOU COULD BE SUED BY THE STATE OF TEXAS AND ORDERED TO REMOVE THE STRUCTURE.
- THE COSTS OF REMOVING A STRUCTURE FROM THE PUBLIC BEACH AND ANY OTHER ECONOMIC LOSS INCURRED BECAUSE OF A REMOVAL ORDER WOULD BE SOLELY YOUR RESPONSIBILITY.

The real property described in this contract is located seaward of the Gulf Intracoastal Waterway to its southernmost point and then seaward of the longitudinal line also known as 97 degrees, 12', 19" which runs southerly to the international boundary from the intersection of the centerline of the Gulf Intracoastal Waterway and the Brownsville Ship Channel.  If the property is in close proximity to a beach fronting the Gulf of Mexico, the purchaser is hereby advised that the public has acquired a right of use or easement to or over the area of any public beach by prescription, dedication, or presumption, or has retained a right by virtue of continuous right in the public since time immemorial, as recognized in law and custom.

The extreme seaward boundary of natural vegetation that spreads continuously inland customarily marks the landward boundary of the public easement.  If there is no clearly marked natural vegetation line, the landward boundary of the easement is as provided by Sections 61.016 and 61.017, Natural Resources Code.

Much of the Gulf of Mexico coastline is eroding at rates of more than five feet per year.  Erosion rates for all Texas Gulf property subject to the open beaches act are available from the Texas General Land Office.

State law prohibits any obstruction, barrier, restraint, or interference with the use of the public easement, including the placement of structures seaward of the landward boundary of the easement. OWNERS OF STRUCTURES ERECTED SEAWARD OF THE VEGETATION LINE (OR OTHER APPLICABLE EASEMENT BOUNDARY) OR THAT BECOME SEAWARD OF THE VEGETATION LINE AS A RESULT OF PROCESSES SUCH AS SHORELINE EROSION ARE SUBJECT TO A LAWSUIT BY THE STATE OF TEXAS TO REMOVE THE STRUCTURES.

The purchaser is hereby notified that the purchaser should: (1) determine the rate of shoreline erosion in the vicinity of the real property; and (2) seek the advice of an attorney or other qualified person before executing this contract or instrument of conveyance as to the relevance of these statutes and facts to the value of the property the purchaser is hereby purchasing or contracting to purchase.

| | | |
|---|---|---|
| *Smart Home Investment LLC* | dotloop verified<br>10/03/23 12:26 PM PDT<br>KNDG-5V61-UZ6G-LU7R | DocuSigned by:<br>*Mark Heller*<br>52CDD02D6C31454... |
| **Buyer** | | **Seller** |
| | | DocuSigned by:<br>*Larry Conley*<br>B0CBB3DBFA8844C... |
| **Buyer** | | **Seller** |

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms.  Such approval relates to this form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not suitable for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov)  TREC No. 34-4. This form replaces TREC No. 34-3.

TREC No. 34-4
TXR 1916

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7J9w

DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)                    12-05-11

# ADDENDUM FOR
# COASTAL AREA PROPERTY
(SECTION 33.135, TEXAS NATURAL RESOURCES CODE)

## TO CONTRACT CONCERNING THE PROPERTY AT

5034 Bluewater Dr, Freeport, TX 77541
_____
(Address of Property)

### NOTICE REGARDING COASTAL AREA PROPERTY

1. The real property described in and subject to this contract adjoins and shares a common boundary with the tidally influenced submerged lands of the state.  The boundary is subject to change and can be determined accurately  only by a survey on the ground made by a licensed state land surveyor in accordance with the original grant from the sovereign.  The owner of the property described in this contract may gain or lose portions of the tract because of changes in the boundary.

2. The seller, transferor, or grantor has no knowledge of any prior fill as it relates to the  property described in and subject to this contract except:_____
_____
_____.

3. State law prohibits the use, encumbrance, construction, or placing of any structure in, on, or over state-owned submerged lands below the applicable tide line, without proper permission.

4. The purchaser or grantee is hereby advised to seek the advice of an attorney or other qualified person as to the legal nature and effect of the facts set forth in this notice on the property described in and subject to this contract.  Information regarding the location of the applicable tide line as to the property described in and subject to this contract may be obtained from the surveying division of the General Land Office in Austin.

| | |
|---|---|
| *Smart Home Investment LLC*    dotloop verified 10/03/23 12:26 PM PDT QVJF-PEKU-RLL6-9UPQ | DocuSigned by: *Mark Heller* 53CDD03D6C31454 |
| Buyer | Seller |
| | DocuSigned by: *Larry Conlin* B0CBB3DBEA8844C |
| Buyer | Seller |

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms.  Such approval relates to this form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not suitable for complex transactions.  Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov) TREC No. 33-2 This form replaces TREC No. 33-1.

TREC No. 33-2
TXR 1915

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7oB
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)

12-05-11

# ENVIRONMENTAL ASSESSMENT, THREATENED OR ENDANGERED SPECIES, AND WETLANDS ADDENDUM

### TO CONTRACT CONCERNING THE PROPERTY AT

5034 Bluewater Dr, Freeport, TX 77541

(Address of Property)

☑ A. ENVIRONMENTAL ASSESSMENT: Buyer, at Buyer's expense, may obtain an environmental assessment report prepared by an environmental specialist.

☑ B. THREATENED OR ENDANGERED SPECIES: Buyer, at Buyer's expense, may obtain a report from a natural resources professional to determine if there are any threatened or endangered species or their habitats as defined by the Texas Parks and Wildlife Department or the U.S. Fish and Wildlife Service.

☑ C. WETLANDS: Buyer, at Buyer's expense, may obtain a report from an environmental specialist to determine if there are wetlands, as defined by federal or state law or regulation.

Within 20 days after the effective date of the contract, Buyer may terminate the contract by furnishing Seller a copy of any report noted above that adversely affects the use of the Property and a notice of termination of the contract. Upon termination, the earnest money will be refunded to Buyer.

| | |
|---|---|
| *Smart Home Investment LLC*  <br>dotloop verified  <br>10/03/23 12:26 PM PDT  <br>VOZN-KSAX-RETK-RWME | DocuSigned by:  <br>*Mark Heller* |
| Buyer | Seller |
| | DocuSigned by:  <br>*Larry Conlin* |
| Buyer | Seller |

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not suitable for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov)  TREC No. 28-2. This form replaces TREC No. 28-1.

TREC No. 28-2
TXR 1917

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

## VELASCO DRAINAGE DISTRICT NOTICE
## UNDER TEXAS WATER CODE SECTION 49.455

1.    The name of this District is Velasco Drainage District ("the District").

2.    The complete and accurate legal description of the boundaries of the District and a complete and accurate map or plat showing the boundaries of the District are attached hereto as Exhibit "A" and incorporated herein in full.

3.    The most recent rate of District taxes on property located in the District is **$0.074490** on each $100 of assessed valuation.

4.    The total amount of bonds that have been approved by the voters and which may be issued by the District (excluding refunding bonds and any bonds or portion of bonds payable solely from revenues received or expected to be received pursuant to a contract with a governmental entity) is **$-0-**, other than the issued bonds stated below.

5.    The aggregate initial principal amount of all bonds of the District payable in whole or part from taxes (excluding refunding bonds and any bonds or portion of bonds payable solely from revenues received or expected to be received pursuant to a contract with a governmental entity) that have been previously issued is **$6,400,000.**

6.    At an election on November 5, 2013, the voters approved an additional **$80,000,000** in bonds payable from property taxes, but the Texas Commission on Environmental Quality has not yet approved the issuance of those bonds, so they may not be issued yet. The bonds described in this paragraph are not to be refunding bonds and are not to be payable solely from revenues received or expected to be received pursuant to a contract with a governmental entity.

7.    No standby fee is imposed by the District.

8.    The date on which the election to confirm the creation of the District was held is April 25, 1908.

9.    The functions performed or to be performed by the District include drainage and flood control, but this is not intended to be a complete statement of the powers and authority of the District.

10.    The particular form of Notice to Purchasers required by Section 49.452 to be furnished by a seller to a purchaser of real property in the District, completed by the District with all information required to be furnished by the District, is attached hereto as Exhibit "B" and incorporated herein in full.

11.    This document is being signed by a majority of the three members of the Board of Supervisors of the District before being recorded in the Official Records of the Brazoria County Clerk.

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Date Approved:  September 6, 2022

Velasco Drainage District

By: _____
F. Robert Hamlet, Chairman

By: _____
Cory LaChance, Vice
Chairman

By: _____
Stuart Herbst, Secretary

THE STATE OF TEXAS        §

COUNTY OF BRAZORIA     §

This instrument was acknowledged before me, on the 6th day of September 2022, by F. Robert Hamlet, as Chairman, on behalf of Velasco Drainage District.



ELIZABETH YEAROUT
Notary Public, State of Texas
Comm. Expires 06-15-2026
Notary ID 131607867

_____
Notary Public in and for the State of Texas

THE STATE OF TEXAS        §

COUNTY OF BRAZORIA     §

This instrument was acknowledged before me, on the 6th day of September, 2022, by F. Cory LaChance, as Vice Chairman, on behalf of Velasco Drainage District.



ELIZABETH YEAROUT
Notary Public, State of Texas
Comm. Expires 06-15-2026
Notary ID 131607867

_____
Notary Public in and for the State of Texas

THE STATE OF TEXAS        §

COUNTY OF BRAZORIA     §

This instrument was acknowledged before me, on the 6th day of September, 2022, by Stuart Herbst, as Secretary, on behalf of Velasco Drainage District.



ELIZABETH YEAROUT
Notary Public, State of Texas
Comm. Expires 06-15-2026
Notary ID 131607867

_____
Notary Public in and for the State of Texas

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

EXHIBIT "A"

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F



dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

EXHIBIT "B"

## NOTICE TO PURCHASER
### (Issued by Seller)

The real property, described below, that you are about to purchase is located in the Velasco Drainage District. The district has taxing authority separate from any other taxing authority and may, subject to voter approval, issue an unlimited amount of bonds and levy an unlimited rate of tax in payment of such bonds. As of this date, the rate of taxes levied by the district on real property located in the district is **$.074490** on each $100 of assessed valuation. If the district has not yet levied taxes, the most recent projected rate of tax, as of this date, is $ <u>N/A</u> on each $100 of assessed valuation. The total amount of bonds, excluding refunding bonds and any bonds or any portion of bonds issued that are payable solely from revenues received or expected to be received under a contract with a governmental entity, approved by the voters and which have been or may, at this date, be issued is **$6,400,000.00**, and the aggregate initial principal amounts of all bonds issued for one or more of the specified facilities of the district and payable in whole or in part from property taxes is **$6,400,000** (the same **$6,400,000** of bonds stated above, not an additional **$6,400,000**).

At an election on November 5, 2013, the voters approved an additional **$80,000,000** in bonds payable from property taxes, but the Texas Commission on Environmental Quality has not yet approved the issuance of those bonds, so they may not be issued yet. The bonds described in this paragraph are not to be refunding bonds and are not to be payable solely from revenues received or expected to be received pursuant to a contract with a governmental entity.

The district is located in whole or in part within the corporate boundaries of the Cities of Clute, Freeport, Lake Jackson, Oyster Creek, Quintana, Richwood, and Surfside Beach. The taxpayers of the district are subject to the taxes imposed by the municipality and by the district until the district is dissolved. By law, a district located within the corporate boundaries of a municipality may be dissolved by municipal ordinance without the consent of the district or the voters of the district.

The purpose of this district is to provide drainage or flood control facilities and services within the district through the issuance of bonds payable in whole or in part from property taxes. The cost of these utility facilities is not included in the purchase price of your property, and these utility facilities are owned or to be owned by the district. The legal description of the property you are acquiring is as follows: SEAHORSE ESTATES (A0029 S F AUSTIN) LOT 5

Date: _10/4/2023_____

_Mark Heller_
52CDD02D6C31454
Signature of Seller
Printed Name: _____

_Larry Conklin_
B0GBB3DBFA8844C

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

PURCHASER IS ADVISED THAT THE INFORMATION SHOWN ON THIS FORM IS SUBJECT TO CHANGE BY THE DISTRICT AT ANY TIME. THE DISTRICT ROUTINELY ESTABLISHES TAX RATES DURING THE MONTHS OF SEPTEMBER THROUGH DECEMBER OF EACH YEAR, EFFECTIVE FOR THE YEAR IN WHICH THE TAX RATES ARE APPROVED BY THE DISTRICT. PURCHASER IS ADVISED TO CONTACT THE DISTRICT TO DETERMINE THE STATUS OF ANY CURRENT OR PROPOSED CHANGES TO THE INFORMATION SHOWN ON THIS FORM.

The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or prior to execution of a binding contract for the purchase of the real property described in such notice or at closing of purchase of the real property.

Date: 10/04/2023

_Smart Home Investment LLC_

dotloop verified
10/04/23 10:14 AM PDT
Q8LZ-NOCJ-5QIF-D8KI

Signature of Purchaser
Printed Name: Robert Smart

(Note: Correct legal description is to be placed in the appropriate space.) Except for notices included as an addendum or paragraph of a purchase contract, the notice shall be executed by the seller and purchaser, as indicated. For the purposes of the notice form required to be given to the prospective purchaser prior to execution of a binding contract of sale and purchase, a seller and any agent, representative, or person acting on the seller's behalf may modify the notice by substitution of the words 'January 1, ___' for the words 'this date' and place the correct calendar year in the appropriate space.

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

## NOTICE TO PURCHASER

### (Issued by Velasco Drainage District)

The real property, described below, that you are about to purchase is located in the Velasco Drainage District. The district has taxing authority separate from any other taxing authority and may, subject to voter approval, issue an unlimited amount of bonds and levy an unlimited rate of tax in payment of such bonds. As of this date, the rate of taxes levied by the district on real property located in the district is **$.074490** on each $100 of assessed valuation. If the district has not yet levied taxes, the most recent projected rate of tax, as of this date, is $ N/A on each $100 of assessed valuation. The total amount of bonds, excluding refunding bonds and any bonds or any portion of bonds issued that are payable solely from revenues received or expected to be received under a contract with a governmental entity, approved by the voters and which have been or may, at this date, be issued is **$6,400,000**, and the aggregate initial principal amounts of all bonds issued for one or more of the specified facilities of the district and payable in whole or in part from property taxes is **$6,400,000** (the same **$6,400,000** of bonds stated above, not an additional **$6,400,000**).

At an election on November 5, 2013, the voters approved an additional **$80,000,000** in bonds payable from property taxes, but the Texas Commission on Environmental Quality has not yet approved the issuance of those bonds, so they may not be issued yet. The bonds described in this paragraph are not to be refunding bonds and are not to be payable solely from revenues received or expected to be received pursuant to a contract with a governmental entity.

The district is located in whole or in part within the corporate boundaries of the Cities of Clute, Freeport, Lake Jackson, Oyster Creek, Quintana, Richwood, and Surfside Beach. The taxpayers of the district are subject to the taxes imposed by the municipality and by the district until the district is dissolved. By law, a district located within the corporate boundaries of a municipality may be dissolved by municipal ordinance without the consent of the district or the voters of the district.

The purpose of this district is to provide drainage or flood control facilities and services within the district through the issuance of bonds payable in whole or in part from property taxes. The cost of these utility facilities is not included in the purchase price of your property, and these utility facilities are owned or to be owned by the district. The legal description of the property you are acquiring is as follows: _____

_____

_____

This form is being issued by Velasco Drainage District at the Seller's request pursuant to Texas Water Code section 49.453.

Date: _____          Velasco Drainage District
                                         P. O. Box 7
                                         Clute, Texas 77531
                                         (979) 265-4251

                                         By: _____
                                             Chris Gallion, Superintendent

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9F

Date: 10/4/2023

Signature of Seller
Printed Name:

PURCHASER IS ADVISED THAT THE INFORMATION SHOWN ON THIS FORM IS SUBJECT TO CHANGE BY THE DISTRICT AT ANY TIME. THE DISTRICT ROUTINELY ESTABLISHES TAX RATES DURING THE MONTHS OF SEPTEMBER THROUGH DECEMBER OF EACH YEAR, EFFECTIVE FOR THE YEAR IN WHICH THE TAX RATES ARE APPROVED BY THE DISTRICT. PURCHASER IS ADVISED TO CONTACT THE DISTRICT TO DETERMINE THE STATUS OF ANY CURRENT OR PROPOSED CHANGES TO THE INFORMATION SHOWN ON THIS FORM.

The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or prior to execution of a binding contract for the purchase of the real property described in such notice or at closing of purchase of the real property.

Date: 10/04/2023

Smart Home Investment LLC

dotloop verified
10/04/23 10:14 AM PDT
SA95-4CLI-OODI-BB2Z

Signature of Purchaser

(Note: Correct legal description is to be placed in the appropriate space.) Except for notices included as an addendum or paragraph of a purchase contract, the notice shall be executed by the seller and purchaser, as indicated. For the purposes of the notice form required to be given to the prospective purchaser prior to execution of a binding contract of sale and purchase, a seller and any agent, representative, or person acting on the seller's behalf may modify the notice by substitution of the words 'January 1, ___' for the words 'this date' and place the correct calendar year in the appropriate space.

dotloop signature verification: dtlp.us/i6JL-J7iX-sef7
DocuSign Envelope ID: 32D5422A-96C8-42B0-B8BC-FA752DB27C9E



dotloop signature verification: dtlp.us/p0cL-XvHb-2ZuK
DocuSign Envelope ID: 06560B44-808E-4DEE-A85A-0E68179B533C



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)          11-07-2022

# AMENDMENT
## TO CONTRACT CONCERNING THE PROPERTY AT

**5034 Bluewater Hwy**                                    **Freeport**

(Street Address and City)

Seller and Buyer amend the contract as follows: (check each applicable box)

☐ (1) The Sales Price in Paragraph 3 of the contract is:
   A. Cash portion of Sales Price payable by Buyer at closing .................... $ _____
   B. Sum of financing described in the contract........................................ $ _____
   C. Sales Price (Sum of A and B)............................................................. $ _____

☐ (2) In addition to any repairs and treatments otherwise required by the contract, Seller, at Seller's expense, shall complete the following repairs and treatments: (Notice: Paragraph 7 of the contract governs the completion, delivery of documentation, and transfer of warranties of repairs and treatments.) _____
_____
_____

☒ (3) The date in Paragraph 9 of the contract is changed to **November 15** , **2023** .

☒ (4) The amount in Paragraph 12A(1)(b) of the contract is changed to $ 1,500.00 _____

☐ (5) The cost of lender required repairs and treatment, as itemized on the attached list, will be paid as follows: $ _____ by Seller; $ _____ by Buyer.

☐ (6) Buyer has paid Seller an additional Option Fee of $ _____ for an extension of the unrestricted right to terminate the contract on or before 5:00 p.m. on _____ , _____ . This additional Option Fee ☐ will ☐ will not be credited to the Sales Price.

☐ (7) Buyer waives the unrestricted right to terminate the contract for which the Option Fee was paid.

☐ (8) The date for Buyer to give written notice to Seller that Buyer cannot obtain Buyer Approval as set forth in the Third Party Financing Addendum is changed to _____ , _____ .

☐ (9) **Other Modifications:** (Real estate brokers and sales agents are prohibited from practicing law.) _____
_____
_____
_____.

**CONSULT AN ATTORNEY BEFORE SIGNING:** TREC rules prohibit real estate brokers and sales agents from giving legal advice. READ THIS FORM CAREFULLY.

**EXECUTED** the _____ day of ___10/27/2023___ , _____ . **(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)**



dotloop verified
10/27/23 5:25 PM CDT
ZTE3-HKA8-ZTLF-27J1

Buyer **Smart Home Investment LLC**

DocuSigned by:
*Mark Heller*                    10/27/2023
Seller **Mark Heller**

_____
Buyer

DocuSigned by:
_____                10/27/2023
Seller **Larry Coukis**

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate license holders. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov ) TREC No. 39-9. This form replaces TREC No. 39-8.

TREC NO. 39-9

DS *Jfe* MH          DS *Jfe*

**X** *SHI*
10/27/23
5:27 PM CDT
dotloop verified

*SHI*          DS
10/27/23        MH
5:27 PM CDT
dotloop verified